

2014 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2014

# Keith Mays v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 14-1012

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2014

Recommended Citation

"Keith Mays v. USA" (2014). *2014 Decisions.* Paper 527.
http://digitalcommons.law.villanova.edu/thirdcircuit_2014/527

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2014 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-232                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1012
_____

KEITH MAYS,
                                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-00522)
District Judge:  Honorable Edwin M. Kosik

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 15, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 29, 2014)
_____

OPINION
_____

PER CURIAM

Keith Mays, proceeding pro se and in forma pauperis, appeals from the District

Court's order granting the defendant's motion to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(1). For the reasons set forth below, we will summarily affirm.[1]

## I.

Keith Mays, a federal prisoner currently incarcerated at FCI Schuylkill, filed a

complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, seeking

money damages from the United States for "physical injury, pain and suffering, and

future medical expenses." Dkt. No. 1, at 4. Mays complained of injuries received when

he slipped and fell on a wet floor in the staff dining room at FCI Schuylkill. Specifically,

he claimed the wet floor caused him to fall on his back and hit his head. The defendant

filed a motion to dismiss for lack of subject matter jurisdiction on the basis that the

Inmate Accident Compensation Act (IAC), 18 U.S.C. § 4126, provides the exclusive

remedy for such injuries. The District Court granted the motion and agreed that because

Mays's injury was work related, the IAC precluded his FTCA claims. Mays timely

appealed.

## II.

"When reviewing an order dismissing a claim for lack of subject matter

jurisdiction, we exercise plenary review over legal conclusions and review findings of

fact for clear error." White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010).

---

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We may
summarily affirm a decision of the District Court if the appeal does not raise a substantial
issue. 3d Cir. LAR 27.4; I.O.P. 10.6. We may affirm on any basis supported by the
record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

In this case, we discern no error in the District Court's legal conclusions or factual findings.

We agree with the District Court's conclusion that the IAC precludes Mays from bringing an FTCA claim. In the IAC, Congress created a scheme to compensate inmates for injuries sustained in the course of their penal employment. By statute, the Federal Prison Industries Fund pays "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4); see also 28 C.F.R. § 301.101-301.319 (regulating such claims). Federal prisoners seeking compensation for injuries sustained during penal employment are limited to the remedy provided by the IAC, 18 U.S.C. § 4126. See United States v. Demko, 385 U.S. 149, 151-54 (1966) (holding that prisoners are barred from bringing FTCA claims in such situations, as § 4126 is their exclusive remedy).

Mays argued that the IAC did not apply to his claim for compensation because he was enrolled in a vocational training (rather than work) program and because the injury occurred during a scheduled break time. We agree with the District Court's conclusion that this program is a "work activity" that falls within the ambit of the IAC. The culinary vocation program at issue paid wages to inmate participants because "[i]nmates enrolled in this program are not allowed to enroll or participate in other courses, programs, or job assignments that conflict with the daily, Monday through Friday schedule" of the program. Dkt. No. 23-1, at 4. Furthermore, hands-on work in locations such as the

3

Officers' Dining Hall constituted a substantial portion of the training program. Id. Mays's work was therefore connected to the "operation of the institution" as contemplated by § 4126(c)(4).

We further agree that the IAC is applicable despite the fact that Mays's injury took place during a scheduled break. The relevant regulation, 28 C.F.R. § 301.301(c), states that "compensation shall not be paid for injuries suffered away from the work location (e.g., while the claimant is going to or leaving work, or going to or coming from lunch outside of the work station or area)." Courts have found that injuries that occur inside the work area while an inmate was going to or from work or to or from a break are exclusively covered by the IAC. See, e.g., Wooten v. United States, 437 F.2d 79, 80 (5th Cir. 1971) (per curiam) (holding that an inmate suffered a work-related injury while traveling in a freight elevator while on his way to lunch and rejecting inmate's "narrow construction of the words 'activity directly related to the prisoner's work assignment' as limiting compensable injuries to those which occur at the work bench."). Mays stated in his complaint that he was in the Officers' Dining Hall when he fell. As this location was within his work area, we agree with the District Court that the IAC is the exclusive remedy for Mays's alleged injuries.

### III.

There being no substantial question presented on appeal, we will summarily affirm.

4